FILED

97 SEP 24 PM 2: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN NATURAL GAS )
COMPANY, )
)
)
    Plaintiff, )
)
v. )   CIVIL ACTION NO.
)   CV-97-L-1728-S
2.0 ACRES OF LAND LOCATED )
IN CULLMAN COUNTY, ALABAMA; )
MACK RICE; CALLIE MAE RICE; )
AND KAY D. WILLIAMS, CULLMAN )
COUNTY REVENUE COMMISSIONER, )
)
    Defendants. )

ENTERED

SEP 24 1997

## ORDER GRANTING POSSESSION

On July 10, 1997, the Southern Natural Gas Company presented its complaint for

condemnation in the above-entitled proceedings, in which it is prayed that this Court enter an

order granting to the Southern Natural Gas Company immediate possession of the lands

described. After hearing on September 19, 1997, this Court denied defendants' motion to

dismiss and has determined that it has jurisdiction over these proceedings. The Court has

examined all papers and documents filed in this action and finds that the Southern Natural Gas

Company has been issued a facially valid Certificate of Public Convenience and Necessity by

the Federal Energy Regulatory Commission, and that the Southern Natural Gas Company has

duly filed a complaint for condemnation in this proceeding, under the authority of the Natural

Gas Act, 15 U.S.C.A. 717f(h) (1976), seeking to acquire the right-of-way and easement for such

public purposes, in, over, upon and across the lands described in the complaint, and further

finds that the sum of $5,219 was deposited with the Clerk of Court as estimated just compensation for the lands involved in the complaint.

By virtue of the authority vested in this Court by 15 U.S.C.A. § 717f(h) (1976), it is hereby Ordered that the Southern Natural Gas Company be put into immediate possession of the property described in Exhibit A and sought to be condemned in the above-entitled action to such extent as is necessary to permit the Southern Natural Gas Company to carry on any of its operations described in the pleadings filed herein, and that the defendants in such action surrender possession of the said property to the Southern Natural Gas Company accordingly.

Done this 24th day of September, 1997.

United States District Judge

SOUTHERN NATURAL GAS
COMPANY,

   Plaintiff,

  vs.

LAND, TUSCALOOSA COUNTY,
et al.,

   Defendants.

)
)
)
)
)
)
)
)

CV 97-L-1713-S, et al.

ENTERED

SEP 24 1997

## ORDER

These related cases came on to be heard at this court's
September 19, 1997 motion docket, on the motions of defendants to
dismiss the complaints on the grounds that the complaint in each
case fails to state a claim upon which relief may be granted.
This order applies to the following cases: CV 97-L-1713-S, CV 97-L-
1714-S, CV 97-L-1715-S, CV 97-L-1716-S, CV 97-L-1717-S, CV 97-L-
1718-S, CV 97-L-1719-S, CV 97-L-1721-S, CV 97-L-1722-S, CV 97-L-
1725-S, CV 97-L-1726-S, CV 97-L-1728-S, CV 97-L-1729-S, CV 97-L-
1730-S, CV 97-L-1732-S, CV 97-L-1733-S, CV 97-L-1734-S, CV 97-L-
1735-S, CV 97-L-1736-S, CV 97-L-1737-S, CV 97-L-1738-S, CV 97-L-
1739-S, and CV 97-L-1740-S.

Counsel representing the defendants was afforded an
opportunity to argue in support of their motions, and plaintiff's
counsel was allowed to respond to support their claims in each
complaint.

The court concludes that the motions to dismiss are due to be overruled. The court's conclusion is based upon the following principles:

1. The court has subject matter jurisdiction over the proposed project. The pipeline will transport gas originating both from within and outside Alabama. Gas which flows across a state line at any time or which commingles with other gas similarly traveled is to be considered "interstate commerce." See Oklahoma Natural Gas Co., a Div. Of ONEOK, Inc. v. F.E.R.C., 28 F.3d 1281 (D.C. Cir. 1994); People of State of Cal. v. Lo-Vaca Gathering Co., 379 U.S. 366 (1965). The gas transported by the proposed pipeline will be interstate commerce within the meaning provided in 15 U.S.C.A. § 717a, the Natural Gas Act. The court retains subject matter jurisdiction.

2. The Eleventh Amendment of the United States Constitution does not bar this action. Revenue Commissioner John Evans is not entitled to Eleventh Amendment immunity. See Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 280 (1977), Robinson v. Georgia Department of Transportation, 966 F.2d 637 (11th Cir. 1992), Kendrick v. Jefferson County Bd. Of Education, 932 F.2d 910 (11th Cir. 1991).

3. Plaintiff has not elected to proceed with these condemnation actions in state court. The law allows the condemnor to partake in "precondemnation proceedings" in state court for purposes of securing precondemnation rights of entry and certification of public convenience and necessity without being deemed to have selected the state forum for the action. See Walker

v. Gateway Pipeline Co., 601 So.2d, 970, 975 (Ala. 1992). See also Agins v. City of Tiberon, 447 U.S. 255, 263 n.9 (1980).

4. The state courts do not offer a more proper or convenient forum for these actions. None of the four standard grounds for abstention apply in this case. These actions will not be heard by a jury. Alabama Power Co. v. 1354.02 Acres of Land, 709 F.2d 666 (11th Cir. 1983). Instead, the court will appoint a commission pursuant to Rule 71A(h), Fed. R. Civ. P. U.S. v. Merz, 376 U.S. 192, 197 (1964).

5. Plaintiff sufficiently described the property site to be condemned.

6. The FERC permit is final despite pending application for rehearing as no stay of the FERC's orders has been granted. Ecee, Inc. V. Federal Power Commission, 526 F.2d 1270 (5th Cir.), cert. denied, 429 U.S. 867 (1976).

Therefore, it is hereby ORDERED that the motion of each defendant to dismiss the complaint is OVERRULED.

DONE this _24th_ day of September 1997.

_____
SENIOR JUDGE