UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 97-L-1728-S |
| 2.0 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; MACK RICE, CALLIE MAE RICE, | ) ) | |
| Defendants. | ) | |

Re: CULLMAN PARCEL NO. 15

**MEMORANDUM OPINION**

I. Introduction

Currently pending before this Court is a motion to reject or modify the Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the Plaintiff's objections to the Report of Commissioners, as well as the court's modifications to the Report of Commissioners and final judgment.

II. Damages Awarded For The Permanent Easement ($3,980)

The Commissioners awarded $3,980 for the permanent pipeline

easement by deriving that the 1.99 acres was worth $2,000 an acre. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

III. <u>Damages Awarded For The "Limiting Effect Of Future Improvements"</u> ($0)

The Commissioners recommended that landowners be awarded $14,000 due to a "limiting effect" of the pipeline on the location of "future improvements." Southern objects to this award arguing that there was no evidence presented to Commission that the landowners intended to construct any agricultural structures or ponds on the pipeline easement or any other future improvements. As stated in the <u>Instructions to the Commissioners</u> established by this Court, when the Commission calculates "just compensation"for property,

> consideration should be given not only to the uses to which the property was being put on the date of taking, but also to any other more economically valuable uses for which, as of the date of taking (and but for the taking), the property was adaptable and needed (or likely to be needed in the reasonably near future) by other owners. See pp.10-11

Mr. Dennis W. Key, an appraiser, testified that there would be no damage to the remainder of the property from the existence of the pipeline if it was used for transitional agricultural use. (See p.29 of the hearing transcript) Although Mr. Roger Pugh, an appraiser, testified that damages to the remainder of the property would be $49,095, this amount was not based on any calculation and was solely an opinion. As cited in the <u>Instructions to the</u>

Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." (See pp. 8-9) After considering all evidence, the Court finds that the $14,000 in damages awarded for the "limiting effect of future improvements" recommended in the Commissioner's report is clearly erroneous.  The Court finds that there was no evidence of plans for any future improvements to the property of which the pipeline would have any impact. Thus, the Court holds that the amount to be awarded for the "limiting effect of future improvements" should be zero dollars ($0).

IV. Amount Awarded For The Temporary Easement And The Dislocation Of The Cattle Operation ($1000)

The Commissioners recommended that damages for the dislocation of the cattle operation while the pipeline is being installed along with the temporary easement amounted to $2,000.  Neither party has objected to $388 of the award amount compensating the temporary easement.  Southern objects to the Commission apparently awarding the landowners $1,612 for cattle operations "dislocation."  The Court finds that $1,612 amount is clearly erroneous under Rule 53(e)(2) due to lack of evidence of said "dislocation" to support the award amount.  However, the Court believes that there is evidence of some "dislocation" in cattle operations during the time

of construction of the pipeline found in the hearing transcript on p.12. The Court finds that Mr. Mize will have some "dislocation" of his cattle operation during the construction of the pipeline, and that damages of $612 should be awarded to compensate this "dislocation."

## V. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement, as just compensation for the taking of the above-described easement, in the amount of $19,980. The court has decided to moderate such award from $19,980 to $4,980, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $4,980, in favor of the plaintiff.

DONE this 7th day of December 1998.

*[signature]*
SENIOR JUDGE